UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>    Plaintiff,<br>v.<br><br>COUNTY OF GENESEE,<br>CORIZON HEALTH<br>CORPORATION, and TAQUANA<br>SCALES,<br>    Defendants.<br>_____/ | Case No.: 20-13361<br><br>Bernard A. Friedman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR IMMEDIATE INJUNCTIVE RELIEF (ECF No. 4) AND MOTION FOR SUMMARY JUDGMENT (ECF No. 21)**

**I.    PROCEDURAL HISTORY**

Plaintiff Dorian Trevor Sykes filed this *pro se* prisoner civil rights suit on December 1, 2020. (ECF No. 1). Plaintiff filed a Motion for Immediate Injunctive Relief, which was postmarked February 2, 2021, and docketed February 9, 2021. (ECF No. 4). Plaintiff also filed a motion for summary judgment postmarked February 26, 2021, and docketed March 9, 2021. (ECF No. 21). This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 28).

For the reasons discussed below, the undersigned recommends that Plaintiff's Motion for Immediate Injunctive Relief be denied and his Motion for Summary Judgment be denied without prejudice.

## II. AMENDED COMPLAINT ALLEGATIONS

Plaintiff filed an amended complaint on January 28, 2021, before service of the original complaint. The following factual allegations derive from the amended complaint. Plaintiff's claims stem from an allegation defendant Taquana Scales sexually assaulted him on numerous occasions while he was housed at the Genesee County Jail from June 8, 2020 to September 2, 2020. According to Plaintiff, Defendant Scales, was employed by Defendant Corizon Health Corporation as a licensed practical nurse and stationed there. (ECF No. 7, PageID.40, 43).

On June 8, 2020, then a federal detainee, Plaintiff was transferred to the Genesee County Jail. The purpose of the transfer was to allow Plaintiff to receive mental health treatment for his chronic depression and bipolar disorder. Upon his arrival at the jail, he was placed on suicide prevention watch. (*Id.* at PageID.43).

Nevertheless, Plaintiff asserts while at the Genesee County Jail, Defendant Scales would improperly request a corrections officer bring him to the medical exam room where she would "sexually exploit[] and sexually assault[]" Plaintiff. Specifically, Plaintiff asserts Scales failed to follow proper procedure by fabricating a basis for a correctional officer to escort him to medical examinations

(*Id.*).  While there, Plaintiff contends Scales assaulted him numerous times between June and August 2020.  According to Plaintiff, Scales admitted to sexually assaulting him and was subsequently charged with criminal sexual conduct in Genesee County.  (*Id.* at PageID.44).

Plaintiff alleges he reported the assaults to his mental health counselor, non-defendant Julie Rexroth.  In response to Plaintiff reporting the allegations of misconduct, Ms. Rexroth advised Plaintiff to take his medication.  Plaintiff also reported the assaults to non-defendant Dr. McCarthy, who also did not offer help.  In July 2020, Plaintiff sent a letter to Defendant Corizon Health Corporation ("Corizon") corporate headquarters.  Corizon did not respond to the letter.  (*Id.*).

Plaintiff sued Genesee County for having a "'practice' of not supervising inmates while they're with medical staff." (*Id.* at PageID.45).  He also sued the County on an "inaction theory." (*Id.* at PageID.46).  He sued Corizon for "allow[ing] a 'practice' that is directly linked to Plaintiff being sexually assaulted[,]" namely, permitting night nursing staff to draft handwritten lists of inmates needed to be seen.  (*Id.* at PageID.45).  He sued Scales for the sexual assaults which caused physical pain and emotional distress.  (*Id.* at PageID.50).

III.   **ANALYSIS AND RECOMMENDATIONS**

   A.   <u>Motion for Immediate Injunctive Relief</u>

Unconnected to the allegations raised in the complaint, Plaintiff seeks an injunction directing "Genesee County to remove Plaintiff from the Genesee County Jail forthwith. And order that jail officials refrain from housing plaintiff there at any time in the future." (ECF No. 4, PageID.31). Plaintiff asserts on February 1, 2021, following the filing of his amended complaint, he was transferred from the Federal Detention Center in Milan, Michigan, to the Genesee County Jail pursuant to a writ of habeas corpus. When he arrived at the jail, he was stripped and placed into a suicide prevention suit despite not having made any suicidal statements. Plaintiff maintains non-defendant Julie Rexroth made the "unfounded decision" to place him in suicide prevention. Plaintiff maintains Rexroth placing him there was in retaliation for him filing this lawsuit. (*Id.* at PageID.29). Plaintiff also asserts non-parties Lt. Skinner, Lt. Lanning, Sgt. Brock, and Captain Gould also retaliated against him by making threatening remarks "in regards to this pending suit." (*Id.* at PageID.30).

While at the jail, Plaintiff was denied access to medical care and medication. (*Id.* at PageID.29-30).

Further, Plaintiff maintains the jail is violating the injunctive relief he obtained in another case (case no. 20-12421). The undersigned notes, however, Plaintiff's allegation he attained injunctive relief is unfounded. The case Plaintiff references was summarily dismissed prior to service of the complaint. (Case No.

20-12421, ECF No. 4). In determining the case should be dismissed, the Court noted Plaintiff's case against the Genesee County Sheriff for lack of access to the law library was moot because Plaintiff had been transferred from the Genesee County jail. In this pending motion for injunctive relief, Plaintiff asserts since he was returned to the jail, the jail's law library is still not accessible. (ECF No. 4, PageID.31).

As an initial matter, it is not clear whether Plaintiff seeks a preliminary injunction or temporary restraining order, or perhaps both, pursuant to Federal Rule of Civil Procedure 65. The difference between a temporary restraining order and preliminary injunction "is largely academic as the same factors apply to both." *Perez-Perez v. Adducci*, 459 F. Supp. 3d 918, 924 (E.D. Mich. 2020) (citing *Ohio Republican Party v. Brunner,* 543 F.3d 357, 362 (6th Cir. 2008)).

In determining whether to grant or deny a temporary restraining order or a preliminary injunction, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiff bears the

burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

In his motion, Plaintiff failed to address the four factors referenced hereinabove. Moreover, the motion is not procedurally proper. "The court may grant a preliminary injunction *only on notice to the adverse party*." Fed. R. Civ. P. 65(a)(1). There is no indication the defendants were served a copy of Plaintiff's motion. The certificate of service attached to the motion indicates that Plaintiff mailed the motion to the Court only.[1] (ECF No. 4, PageID.32).

To obtain a temporary restraining order without notice to the adverse party, which Plaintiff apparently is seeking to do here, he must first establish facts in an affidavit or verified complaint clearly showing immediate and irreparable injury before the adverse party can be heard in opposition, and he must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). Plaintiff's verified amended complaint does not clearly show immediate and irreparable injury in relation to the claims made in the motion for injunctive relief. Plaintiff also did not certify in writing any attempts to give notice and reasons why notice should not be required. *See Spencer v. Donohue*, 2019 WL 5680810, at *2, n.1 (E.D. Mich. Aug. 30, 2019) (citing *Whipple v. Tennessee Bd. of Paroles*, 2018 WL 1387066, at *10 (E.D. Term. Mar. 19, 2018)

---

[1] Defendants have yet to be served with the complaint as well.

6

("Although on its face, Rule 65(b)(1) applies to attorneys only, courts have interpreted this requirement as applying to a pro se litigant who seeks a TRO.")). For these reasons, Plaintiff's motion is procedurally defective.

Even assuming Plaintiff's motion was properly before the Court, Plaintiff's motion should be denied because his request for injunctive relief bears no relation to the claims alleged in the amended complaint. As explained by the Sixth Circuit, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994)). "The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)); *see also Bloodworth v. Timmerman-Cooper*, 2011 WL 4573943, at *2 (S.D. Ohio Sept. 29, 2011), *report and recommendation adopted*, 2011 WL 5403217 (S.D. Ohio Nov. 8, 2011) (Plaintiff's request for relief against officials not party to the present suit for tampering with his mail was unrelated to the complaint; the motion was denied and the court noted it lacked jurisdiction over officials not named in the complaint).

7

The injuries claimed in the motion for injunctive relief—being unnecessarily placed in a suicide prevention suit, receiving threatening remarks, and being denied access to law library, *all by non-parties*—and injuries claimed in the amended complaint—sexual assault and municipal liability for the assault—do not bear any obvious relationship. As such, even if the motion was properly before the Court and the Court had jurisdiction over the persons named in the motion, the motion should be denied because granting the relief requested would not protect Plaintiff from any of the harms alleged in the amended complaint. If appropriate, Plaintiff may consider filing a new action related to the allegations set forth in his complaint.

B.  Motion for Summary Judgment

Plaintiff filed a motion for summary judgment. (ECF No. 21). Therein, he argues he sufficiently pleaded his claims against the three defendants and is entitled to judgment in his favor. He also filed a supplemental brief in support of the motion further arguing for judgment in his favor. (ECF No. 29).

The undersigned suggests the motion for summary judgment be denied without prejudice as prematurely filed because "[t]he Court cannot grant summary judgment against defendants who have not been served with process." *Fowler v. Tyndale Pub. House*, 2009 WL 2488057, at *1 (E.D. Mich. Aug. 12, 2009) (citation omitted); *Sanders v. City of Pembroke*, 2019 WL 3227457, at *6

(W.D. Ky. July 16, 2019); *Heard v. Strange*, 2019 WL 2385205, at *8 (E.D. Mich. May 10, 2019) (recommending denial without prejudice of the plaintiff's motion for summary judgment against a defendant who had not yet been served with the complaint). On March 11, 2021, the Court directed service of Plaintiff's complaint by the United States Marshals Service (ECF No. 24), but service has not yet been effectuated. In the same vein, the motion is premature because the parties have not had an opportunity to conduct discovery. *Tribe v. Snipes*, 19 F. App'x 325, 327 (6th Cir. 2001). "[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994).

Accordingly, the undersigned recommends the motion be denied without prejudice as prematurely filed. Following the Court issuing its scheduling order, Plaintiff may raise appropriate dispositive motions.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Immediate Injunctive Relief (ECF No. 4) be **DENIED**. The undersigned further **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (ECF No. 21) be **DENIED WITHOUT PREJUDICE** as prematurely filed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 18, 2021                                 s/Curtis Ivy, Jr.
                                                                         Curtis Ivy, Jr.
                                                                         United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2021, by electronic means and/or ordinary mail.

                                                                         s/Kristen MacKay
                                                                         Case Manager
                                                                         (810) 341-7850