UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>         Plaintiff,<br>v.<br><br>COUNTY OF GENESEE,<br>CORIZON HEALTH<br>CORPORATION, and TAQUANA<br>SCALES,<br>         Defendants.<br>_____/ | Case No.: 20-13361<br><br>Bernard A. Friedman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER ON VARIOUS MOTIONS (ECF Nos. 9, 10, 16, 22)

A.     <u>Background</u>

Plaintiff, proceeding *pro se*, initiated this prisoner civil rights case on December 1, 2020. (ECF No. 1). Since the filing of his original complaint, he has filed a number of motions that are currently pending before the Court. This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 28)

B.     <u>Motion for Appointment of Counsel (ECF No. 9)</u>

In support of his request for appointment of counsel, Plaintiff states he needs the assistance of counsel because his claims are complex. He asserts counsel is necessary to gather the evidence to prove his claims. (ECF No. 9, PageID.72-73). Plaintiff further argues his mood swings, mania, severe depression, bipolar disorder, anxiety, and post-traumatic stress disorder necessitate appointment of

counsel. (*Id.* at PageID.73). Lastly, Plaintiff explains thus far he has utilized the assistance of a "jail-house lawyer," and cannot reasonably expect that assistance to continue throughout the litigation. (*Id.* at PageID.71-72).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 261 (6th Cir. 1992). As Plaintiff acknowledged, except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. In order to make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Even though Plaintiff may have had the assistance of a jailhouse lawyer, it appears from reading the complaint, many motions, and other filings, that plaintiff has an adequate understanding of the issues and matters involved in this case and of the litigation process itself. Further, the issues raised in his complaint are straightforward and understandable and not of an unduly complex nature. Should Plaintiff's mental health issues cause him to require more time to file a motion or

2

to file a response, he may file a simple motion requesting an extension of time explaining the circumstances. As to his argument that he cannot obtain evidence, difficulties in preparing the case "are present in every prisoner civil rights case" and such difficulties are not to be considered as necessitating appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Plaintiff has a variety of discovery tools at his disposal during the discovery period if and when discovery begins, including conducting depositions by written questions and sending discovery requests to the defendants.

The motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. Should dispositive motion(s) be decided in Plaintiff's favor, he may re-file the motion for appointment of counsel.

C.  Motions for the Court to Conduct Initial Review and for Service of Process (ECF Nos. 10, 22)

In both motions, Plaintiff asserted he filed enough copies of his amended complaint for service and an application to proceed *in forma pauperis*. Plaintiff requested the Court conduct an initial review of the amended complaint and order service of the amended complaint. (ECF Nos. 10, 22).

Since the filing of these motions, the Court granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 25) and filed an Order Directing Service

3

Without Prepayment of Costs and Authorizing the US Marshal to Collect Costs After Service is Made (ECF No. 24).  Accordingly, the motions are **TERMINATED AS MOOT**.

D.  <u>Motion for Clarification (ECF No. 16)</u>

On February 17, 2021, the Court entered an Order directing Plaintiff to provide documents required to assess his application to proceed *in forma pauperis*. As explained in the Order, Plaintiff's application did not include a financial certificate signed by Plaintiff's custodian or designee, a certified trust fund statement, or the required authorization to withdraw funds from his prison trust fund account to pay court fees and costs.  (ECF No. 11).

In response, Plaintiff filed a trust fund statement (ECF No. 17, 19), a notice of compliance with the Court's Order (ECF No. 20) wherein he stated he filed the trust fund statement and mailed to the Court an authorization to withdraw funds, and this motion for clarification (ECF No. 16).  Plaintiff sought to clarify one aspect of the Order.  In the Order, the Court explained, "If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee."  (ECF No. 11, PageID.91) (citation omitted).  Plaintiff read this as the Court stating it did not have an affidavit of

4

indigency, despite the fact Plaintiff filed a signed application to proceed without prepaying costs. (ECF No. 16, PageID.102). The Order did not require Plaintiff to file an affidavit of indigency. The Court required Plaintiff to provide a certified trust fund account statement—a document initially missing from Plaintiff's application.

Any remaining need for clarification is now moot, as the Court has granted the application to proceed without prepaying costs. (ECF No. 25). The motion is therefore **TERMINATED AS MOOT**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date:  March 18, 2021                s/Curtis Ivy, Jr.
                                                    Curtis Ivy, Jr.
                                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2021, by electronic means and/or ordinary mail.

                                                    s/Kristen MacKay
                                                    Case Manager
                                                    (810) 341-7850