UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>    Plaintiff,<br>v.<br><br>COUNTY OF GENESEE,<br>CORIZON HEALTH<br>CORPORATION, and TAQUANA<br>SCALES,<br>    Defendants.<br>_____/ | Case No.: 20-13361<br><br>Bernard A. Friedman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER ON MOTION FOR CLARIFICATION (ECF No. 32), MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 34) AND APPLICATION TO PROCEED WITHOUT PREPAYING COSTS (ECF No. 36)**

A.    Background

Plaintiff, proceeding without the assistance of counsel, initiated this prisoner civil rights case on December 1, 2020. (ECF No. 1). This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 28). Pending before the Court are Plaintiff's motion for clarification (ECF No. 32), motion for leave to file a second amended complaint (ECF No. 34), and application to proceed without prepaying costs or fees (ECF No. 36). Plaintiff also filed an affidavit in support of the claims in his proposed second amended complaint. (ECF No. 37).

B.   Motion for Clarification

Plaintiff's motion for clarification is a brief arguing he sufficiently pleaded his claims against Genesee County and Corizon Health Corporation in his amended complaint. (ECF No. 32). This brief is more properly filed in response to a motion brought by a defendant, not as a motion to clarify or support his claims. The motion for clarification is **STRICKEN** as an improper motion. The proper method to clarify a claim is seek leave to amend the complaint, which Plaintiff did. The motion for leave to amend is addressed below.

C.   Motion for Leave to File Second Amended Complaint

On March 15, 2021, Plaintiff filed a motion for leave to file a second amended complaint and a proposed second amended complaint. (ECF Nos. 35, 36). Plaintiff seeks leave to bring additional claims against the defendants and to properly plead municipal liability claims against Genesee County and Corizon Health Corp. (ECF No. 34, PageID.173-74).

The decision whether to permit amendment of Plaintiff's complaint is within the sound discretion of the trial court. *Gen'l Electric Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). However, this discretion is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Id*. (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citations omitted). In making this decision,

2

this court is permitted to consider several factors, among them are undue delay, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Id*. *See also* Fed. R. Civ. P. 15(a) (explaining that leave to amend should "be freely given when justice so requires").

None of the factors counsel against granting leave in this instance. The second amended complaint is Plaintiff's attempt to strengthen his claims against the defendants. Moreover, on April 7, 2021, defendant Genesee County (the only defendant to have appeared in this matter thus far) filed a response to the motion to amend indicating it does not object to allowing Plaintiff to amend. (ECF No. 39).

The motion to amend is **GRANTED**. The Court **ORDERS** Plaintiff to file a new copy of his second amended complaint in the exact form filed with the motion for leave to amend by **May 14, 2021**. Defendant Genesee County must file an appropriate response to the second amended complaint **within 21 days of service** of the second amended complaint. The Court is aware the COVID-19 pandemic has caused litigants, such as Plaintiff, to not timely receive documents from the Court. If Plaintiff does not timely file his second amended complaint, the Court will take under advisement whether to proceed on the first amended complaint or the second amended complaint as provided in ECF No. 35.

D.   <u>Application to Proceed Without Prepaying Costs</u>

Plaintiff's March 15, 2021 application to proceed without prepaying costs is moot. His first application filed on January 28, 2021 was granted on March 11, 2021. (ECF No. 25).

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 14, 2021                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2021 by electronic means and/or ordinary mail.

                                                s/Holly Monda  
                                                Case Manager, in the absence of  
                                                Kristen MacKay  
                                                (810) 341-9764