UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN TREVOR SYKES,
     Plaintiff,

v.

COUNTY OF GENESEE,
CORIZON HEALTH
CORPORATION, and TAQUANA
SCALES,
     Defendants.

_____/

Case No.: 20-13361

Bernard A. Friedman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF No. 52) AND MOTION FOR LEAVE TO
<u>FILE MOTION FOR SUMMARY JUDGMENT (ECF No. 53)</u>**

## I.    PROCEDURAL HISTORY

Plaintiff Dorian Trevor Sykes filed this prisoner civil rights suit on

December 1, 2020, without the assistance of counsel.  (ECF No. 1).  Plaintiff filed

a motion for summary judgment and motion for leave to file a motion for summary

judgment on April 21, 2021.  (ECF Nos. 52, 53).  This matter was referred to the

undersigned for all pretrial proceedings.  (ECF No. 28).

For the reasons discussed below, the undersigned recommends that

Plaintiff's motion for leave to file a motion for summary be denied and the motion

for summary judgment be denied without prejudice.

## II.    AMENDED COMPLAINT ALLEGATIONS

Plaintiff filed a second amended complaint on March 15, 2021, with leave of

the Court.  (ECF No. 35, 41).  Pursuant to the second amended complaint,

Plaintiff's claims stem from an allegation defendant Taquana Scales sexually

assaulted him on numerous occasions while he was housed at the Genesee County

Jail from June 8, 2020 to September 2, 2020.  According to Plaintiff, Defendant

Scales, was employed by Defendant Corizon Health Corporation as a licensed

practical nurse and stationed there.  (ECF No. 35, PageID.183).

On June 8, 2020, then a federal detainee, Plaintiff was transferred to the

Genesee County Jail.  The purpose of the transfer was to allow Plaintiff to receive

mental health treatment for his chronic depression and bipolar disorder.  Upon his

arrival at the jail, he was placed on suicide prevention watch.  (*Id.*).  Nevertheless,

Plaintiff asserts while at the Genesee County Jail, Defendant Scales would

improperly request a corrections officer to bring him to the medical exam room

where she would "sexually exploit[] and sexually assault[]" Plaintiff.  Specifically,

Plaintiff maintains Scales failed to follow proper procedure by fabricating a basis

for a corrections officer to escort him to medical examinations (*Id.*).  While there,

Plaintiff contends Scales assaulted him numerous times between June and August

2020.  According to Plaintiff, Scales admitted to sexually assaulting him and was

subsequently charged with criminal sexual conduct in Genesee County.  (*Id.* at PageID.184).

Plaintiff alleges he reported the assaults to his mental health counselor, non-defendant Julie Rexroth.  In response to Plaintiff reporting the allegations of misconduct, Ms. Rexroth advised Plaintiff to take his medication.  Plaintiff also reported the assaults to non-defendant Dr. McCarthy, who also did not offer help. In July 2020, Plaintiff sent a letter to Defendant Corizon Health Corporation ("Corizon") corporate headquarters.  Corizon did not respond to the letter.  (*Id.*).

Plaintiff sued Genesee County for having a "'practice' of not supervising inmates while they're with medical staff."  (*Id.* at PageID.185).  He also sued the County on an "inaction theory."  He sued Corizon for "allow[ing] a 'practice' that is directly linked to Plaintiff being sexually assaulted[,]" namely, permitting night nursing staff to draft handwritten lists of inmates needed to be seen.  (*Id.* at PageID.190).  He sued Scales for the sexual assaults which caused physical pain and emotional distress.

## III.   ANALYSIS AND RECOMMENDATIONS

On February 26, 2021, Plaintiff filed his first motion for summary judgment. (ECF No. 21).  At that time, none of the defendants had been served with the complaint.  The Court denied that motion without prejudice as premature.  (ECF No. 40).  In the Report and Recommendation, the undersigned explained that the

3

Court cannot grant summary judgment against a party who has not been served.

The Court further explained summary judgment is improper if the non-movant has

not yet had an opportunity to conduct discovery.  (ECF No. 30, PageID.155)

(citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th

Cir. 1994).

Plaintiff now seeks leave to file a motion for summary judgment because

Fed. R. Civ. P. 56 "allows a party to move for summary judgment at any time."

(ECF No. 53, PageID.285).  At this time, only defendants Genesee County and

Corizon Health Corporation ("Corizon") have been served; defendant Taquana

Scales has not yet been served.

Defendants Genesee County and Corizon filed a response to Plaintiff's

motion for summary judgment.  In their response, they ask that the motion be

denied as premature because they have not obtained discovery sufficient to respond

to the motion.  (ECF Nos. 61, 63).

Plaintiff's second motion for summary judgment is premature.  As noted,

defendant Scales has not yet been served.  Further, there has been no opportunity

for the defendants to conduct discovery.  "Before ruling on summary judgment

motions, a district judge must afford the parties adequate time for discovery, in

light of the circumstances of the case."  *Plott v. Gen. Motors Corp., Packard Elec.

Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995).  Summary judgment motions "filed

before the close of discovery [are] often denied as premature in [the Sixth C]ircuit,

either on the opposing party's Rule 56(f) affidavit and request or *on the [C]ourt's*

*own initiative* without an explicit request from the opposing party." *CLT Logistics*

*v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting *Wells*

*v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010))

(emphasis in original); *see also Harris v. Jiangsu ASG Earth Environmental*

*Protection Science and Tech. Co., Ltd.*, 2014 WL 4661953, at *2-3 (E.D. Ky. Sept.

18, 2014) (collecting cases).

In light of the foregoing, the Court should deny Plaintiff leave to file a

motion for summary judgment at this juncture and deny without prejudice his

second motion for summary judgment.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

Plaintiff's Motion for Leave to File Motion for Summary Judgment (ECF No. 53)

be **DENIED**.  The undersigned further **RECOMMENDS** that Plaintiff's second

Motion for Summary Judgment (ECF No. 52) be **DENIED WITHOUT**

**PREJUDICE** as prematurely filed.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date:  May 26, 2021                     s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 26, 2021, by electronic means and/or ordinary mail.

<u>s/Kristen MacKay</u>
Case Manager
(810) 341-7850