UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>      Plaintiff,<br>v.<br><br>GENESEE COUNTY, CORIZON<br>HEALTH CORPORATION, and<br>TAQUANA SCALES,<br>      Defendants.<br>_____/ | Case No.: 20-13361<br><br>Bernard A. Friedman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER REGARDING PLAINTIFF'S MOTIONS (ECF Nos. 84, 86, 87, 88, 89, 101)

During July 2021, Plaintiff Dorian Sykes mailed five motions to the Court. (ECF Nos. 84, 86, 87, 88, 89). In August, Sykes filed a motion for a Rule 26(a)(1)(B) conference. (ECF No. 101).

A.    Motion for Court to Enter Scheduling Order (ECF No. 84) and Motion for Discovery Conference (ECF No. 101)

In these motions, Plaintiff requests the Court schedule a Rule 26 discovery conference and enter a discovery order. These motions are **DENIED AS MOOT**. Because Plaintiff is representing himself and is incarcerated, this case is exempt from the requirements of Fed. R. Civ. P. 16(b), which provides a Court may enter a scheduling order after a Rule 26(f) report is submitted or after a scheduling conference. MIED Local Rule 16.1(e). The Court separately entered a scheduling order on this date.

B.        Motion for Clarification (ECF No. 86)

Plaintiff explains that in a letter dated July 14, 2021, Defendant Genesee County sought Plaintiff's concurrence in an order dismissing Plaintiff's Prison Rape Elimination Act ("PREA") claim.  (ECF No. 86, PageID.594-95).  Counsel for the defendant threatened he would seek sanctions if Plaintiff did not concur.

Plaintiff is correct that because he is currently incarcerated and proceeding without the assistance of counsel, the defendants need not seek his concurrence prior to filing a motion.  E.D. Mich. Local Rule 7.1(a)(2).  However, Genesee County did not seek concurrence prior to filing a motion; it merely sought Plaintiff's concurrence in dismissing one of his claims.  Plaintiff does not concur.

Plaintiff also sought clarification "that all of his claims are not to be generalized nor misconstrued as being PREA claims."  (ECF No. 86, PageID.591-92).  This is essentially a request for the Court to review his complaint and conclude he has stated a claim on which relief can be granted.  Plaintiff's motion is not an appropriate means to test the sufficiency of his allegations.  He may raise his arguments in a dispositive motion or in response to a dispositive motion.  The motion for clarification is **DENIED**.

C.        Motion for Leave to Take Depositions by Written Question (ECF No. 87)

Citing Fed. R. Civ. P. 31(a)(2)(B), Plaintiff seeks leave of the Court to take the depositions of the defendants and non-parties by written question.  (ECF No.

2

87).  Rule 31(a)(2)(B) requires a party to obtain leave of the Court to take the deposition of a person confined in prison by written questions.  The rule does not require persons who are confined to obtain leave to depose persons who are not confined by written question.  The motion is **DENIED AS MOOT**.  As the scheduling order has now been entered, Plaintiff may depose any person by written question without leave of the Court in accordance with Rule 31.

D.      Motion for Appointment Deposition Officer (ECF No. 88)

In this motion, Plaintiff asks the Court to appoint a deposition officer to conduct the written depositions he intends to serve.  This motion is **DENIED** as Plaintiff is responsible for arranging for his discovery efforts.  *See Shaheed v. Mitchell*, 2018 WL 11258371, at *2 (N.D. Cal. Aug. 9, 2018) (the plaintiff is responsible for appointing an officer to ask deposition questions).

E.      Motion for Clerk to Issue Blank Subpoena Forms (ECF No. 89)

The Court **GRANTS** this motion.  The Clerk's Office will issue 15 "signed but otherwise blank" subpoena forms to Plaintiff pursuant to Fed. R. Civ. P. 45(a)(3).  The Court notes, however, that these subpoenas would be needed only for the purpose of compelling discovery from non-parties; Plaintiff should not use a subpoena to obtain discovery from the defendants.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: September 30, 2021              s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2021, by electronic means and/or ordinary mail.

                                      s/Kristen MacKay
                                      Case Manager
                                      (810) 341-7850

4