UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN TREVOR SYKES,
    Plaintiff,
v.

GENESEE COUNTY, CORIZON
HEALTH CORPORATION, and
TAQUANA SCALES,
    Defendants.
_____/

Case No.: 20-13361

Bernard A. Friedman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

# ORDER REGARDING PLAINTIFF'S MOTIONS (ECF Nos. 103, 104, 105, 106, 113, 116, 117, 121)

During August and September 2021, Plaintiff Dorian Sykes mailed eight motions to the Court. (ECF Nos. 103, 104, 105, 106, 113, 116, 117, 121). These motions are now ready for determination.

A.    Motion to Compel (ECF No. 103) Against Genesee County

The subject of Plaintiff's first motion to compel against Genesee County relates to his requests for admission. Genesee County answered "unknown" to requests for admission numbers 12, 15, 18, 19, and 20 regarding his grievances and his status on suicide prevention watch.

With regard to the grievance-related requests (requests no. 12, 18,[1] and 19), Genesee County indicated it did not yet have Plaintiff's grievance records. (ECF No. 103, PageID.690-93). As a result, Genesee County argued it was not in a position to admit or deny those requests because Plaintiff's PREA grievances are not kept at the jail. At the time of the response brief, Genesee County indicated it requested all of Plaintiff's PREA grievances, however they were not received. (ECF No. 108, PageID.741).

Genesee County cannot provide an adequate response until it has the necessary documents. The county is reminded of its obligation to supplement discovery responses in accordance with Federal Rule of Civil Procedure 26(e), and must do so in a timely manner after receiving the grievances they previously requested.

Request for admission no. 15 asks Genesee County if it is true Plaintiff was placed on suicide prevention watch upon his arrival at the jail on June 8, 2020 until September 2, 2020. Genesee County's response is, "Unknown at this time. Defendant does not have Corizon's records." (ECF No. 103, PageID.692). Genesee County argues it cannot respond to this request as it does not have access to Plaintiff's medical documents pursuant to HIPAA. Although Genesee County

---

[1] Plaintiff mistakenly numbered two requests "18." Based on the content of the briefing, this motion concerns the second requested numbered "18."

stated it could not answer the request, it maintains both Plaintiff and the County can request the information from Corizon. (ECF No. 108, PageID.742).

As Genesee County stated it can request the information from Corizon to properly respond to the request, it must do so and supplement its response to the request **within 21 days** of this Order.

Finally, request for admission no. 20 provides as follows: "Is it true that Deputy Sordell was never sanctioned for sexually harassing Sykes? And is it true that Deputy Sordell was allowed to keep his medical deputy position, directly supervising inmate Sykes after the sexual harassment complaints had been filed?" (ECF No. 103, PageID.693). The county responded, "Unknown. Defense counsel does not yet have the grievance records." (*Id.*). This response is not related to the request. Further, Genesee County failed to provide argument specific to this request. Genesee County must supplement its response to request to admit no. 20 **within 21 days** of this Order.

The motion to compel at ECF No. 103 is **GRANTED IN PART, DENIED IN PART**.

B.   Motion to Compel (ECF No. 104) Against Genesee County

The second motion to compel against Genesee County, mailed to the Court on August 20, 2021, concerns requests for production of documents. Plaintiff argues more than thirty days elapsed since he mailed the documents and has yet to

receive a response.  In its response, Genesee County explains it did not receive Plaintiff's discovery request until July 19, 2021 and responded on August 24, 2021.  (ECF No. 109, PageID.746).  In his reply brief, Plaintiff does not contest that he received the discovery responses.  Nevertheless, in his responsive document, he now contests the content of the responses.  He argues he requested the names of all jail inmates between June 8, 2020 and October 2020, but the county gave him information for 2018 instead.  (ECF No. 118).

As the argument in the motion to compel—that Genesee County had not responded to the requests—is now moot, the motion is **DENIED AS MOOT**.  If Plaintiff wishes to press his arguments regarding the sufficiency of the response, he must file a separate motion on that issue.  Arguments raised for the first time in a reply brief will not be considered by the Court.

C.      Motion to Compel (ECF Nos. 105) Against Corizon

In Plaintiff's motion to compel at ECF No. 105, he argues Corizon should be compelled to respond to his twenty-nine requests for admission.  Corizon responds none of the requests were drafted in a form that would allow it to either admit or deny the request pursuant to Fed. R. Civ. P. 36.[2]  (ECF No. 110, PageID.752-53).

---

[2] Corizon also stated Plaintiff failed to seek concurrence before filing his motion pursuant to Local Rule 7.1.  Plaintiff is correct that that rule specifically exempts pro se prisoner litigation from the concurrence rule.  The fact that Plaintiff did not state he did not seek concurrence because he is incarcerated has no material impact on his motion or this litigation.

According to Corizon, the statements for which an admission is requested are not simple and concise.

The majority of the requests begin with "Is it true" with a statement of fact following. For example, the first request reads, "Is it true that [Corizon] can be held liable under § 1983 if [its] actions are 'fairly attributable to the state'? (Lindsay v. Detroit Entertainment, LLC, 484 F. 3d 824, 827 (6th Cir. 2007) (citation omitted)." (ECF No. 105, PageID.714). Request no. 12 asks "Is it true that an inmate may exhaust his/her administrative remedies at their next place of confinement, when relating to sexual abuse claims?" (*Id.* at PageID.717). One final example, request no. 23 asks "Does [Corizon] have a legal duty to ensure inmates have in fact received PREA education, prior to permitting [its] employee's to medically engage inmates?" (*Id.* at PageID.720).

The Court agrees with Corizon that the requests for admission are not technically written in a form that allows Corizon to simply admit, deny, state why it cannot truthfully admit, or object.[3] The wording of the requests, "Is it true" or "Does Corizon" does not grammatically allow for an answer that simply admits or denies the request. Further, many of the requests require a more detailed answer than "admit" or "deny."

---

[3] It is true the requests for admission served on Genesee County are in the same format, and Genesee County responded substantively to those requests. The fact Genesee County did not object to the form of the requests does not foreclose the objection for Corizon.

Rule 36 provides a party may serve a written request to admit the truth of any matter relating to facts, the application of law to fact, or opinions about either. As the Sixth Circuit has explained, Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). "The propounding party bears the burden of setting forth simple and direct [Requests for Admissions] that 'can be answered with a simple admit or deny without an explanation,' though qualifications or explanations for the purpose of clarifying a response are permitted." *Piskura v. Taser Intern.*, 2011 WL 6130814 at * 1 (S.D. Ohio Nov. 7, 2011) (quoting *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003)).

Because the requests for admission are not stated in a manner to elicit a simple admit or deny, Plaintiff's motion to compel is **DENIED without prejudice**. Plaintiff must re-write his requests for admission to comply with the federal rules.

D.      Motion to Compel (ECF No. 106) Against Corizon

Plaintiff served requests for production of documents on Corizon during July 2021. Corizon responded to the requests, producing some documents and objecting to other requests. In response to requests numbers 3 and 4, Corizon objected "to the extent that Plaintiff seeks to obtain free copies of records as Defendant is not required to fund Plaintiff's discovery efforts." (ECF No. 106,

PageID.731-32). Corizon further stated it would produce the documents upon advance payment from Plaintiff of $0.25/page. This is the only objection Plaintiff addresses in his motion, thus these two requests are the only requests that will be addressed here.

Plaintiff insists he is entitled to the material without pre-paying because he is indigent. Under the Federal Rules of Civil Procedure, "the presumption is that the responding party must bear the expense of complying with discovery requests, but may invoke the court's discretion under Rule 26(c) to grant orders protecting him [or her] from 'undue burden or expense.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) (quoting Fed. R. Civ. P. 26(c)). In support of their position, Corizon cites out-of-Circuit and out-of-district cases establishing prisoner plaintiffs, like all other plaintiffs, must fund their own discovery. These cases do not hold the responding party need not produce documents unless prepaid for by the plaintiff. Rather, they stand for the uncontested propositions that the plaintiff (1) must pay his own witness fees and milage, *Kean v. Van Dyken*, 20016 WL 374502 (W.D. Mich. Feb. 16, 2006); (2) is not entitled to a court-appointed expert witness, *Pedraza v. Jones*, 71 F.3d 194 (5th Cir. 1995); and (3) may not use subpoenas duces tecum direct at non-parties to obtain a "virtual mountain of documentary evidence" without the ability to pay the copying fees, *Smith v. Pendergrass*, 2003 WL 21919182 (N.D. Ind. June 17, 2003). Plaintiff's requests

pertain to his requests for production of documents from a defendant, thus, cases relating to a plaintiff's financial responsibilities for witness fees and the like are clearly distinguishable. As this Court has recently observed in *Miller v. Klee*, (ECF Case No. 17-11006, Dkt. 61 (Lawson, J.)), in *Smith v. Yarrow*, 78 F. App'x 529 (6th Cir. 2003), the Sixth Circuit acknowledged that district courts have the discretion to "shift the costs of discovery under appropriate circumstances in any civil case." But the court did not hold or suggest that courts are *required* to shift the burden of all discovery costs onto to the prisoner plaintiff, as Corizon suggests.

The Court is unaware of any authority suggesting Corizon is not subject to the same considerations regarding undue burden that any other litigant would face under Rule 26. Moreover, there is no apparent reason for the Court to shift the cost of production to Plaintiff. Corizon does not argue making copies of the documents and paying the costs would create an undue burden or expense, nor does it point to case law or a prison policy directive that would require such a burden shifting. *See Roden v. Floyd*, 2017 WL 2351742, at *2 (E.D. Mich. May 31, 2017) ("[R]equiring Plaintiff, who is an indigent prisoner, to pay for the costs of responding to his discovery requests would actually put him in a worse position than any other litigant in a civil case."). Therefore, Corizon must produce the responsive documents without payment from Plaintiff in advance **within 21 days**

**of this Order**.  For the forgoing reasons, the motion to compel (ECF No. 106) is **GRANTED**.

E.  <u>Motion to Compel (ECF No. 113) Against Corizon</u>

This motion concerns a single request for admission mailed to Corizon on August 19, 2021.  The request states, "Does Corizon have on file a signed Clinical Objectives Checklist, Prison Rape Elimination Act, signed and dated by [its] former employee, Taquana Scales?"  (ECF No. 113, PageID.824-25).  Corizon responded, "Defendant has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny."  (*Id.* at PageID.831).  Plaintiff asserts Corizon's response is not truthful.  He believes Corizon does not have a copy of the checklist signed by Scales, and Corizon is hiding that fact.  In its response, Corizon contends it underwent a reasonable inquiry but did not locate the document, but this inquiry included only persons and documents within Corizon's control, not Ms. Scales or other Genesee County employees.  Now that the discovery has officially commenced in this matter, "[t]his will be an area of inquiry during discovery which is now open."  (ECF No. 119, PageID.909).

As Corizon conceded, now that discovery has commenced, it must carry out its obligations under the Federal Rules of Civil Procedure with regard to discovery.  This includes the duty to supplement discovery responses.  Corizon must seek the

9

appropriate information/documents and supplement its response to Plaintiff **within 21 days** of this Order. The motion to compel (ECF No. 113) is **GRANTED in part**. Should Corizon fail to timely supplement or should Plaintiff take issue with Corizon's response, Plaintiff may re-file the motion to compel.

F.     Third Motion for Scheduling Order (ECF No. 116)

On September 30, 2021, this Court entered a scheduling order setting discovery and dispositive motion deadlines. (ECF No. 114). On September 21, 2021, nine days prior, Plaintiff mailed this third motion for entry of a scheduling order. (ECF No. 116). The Court did not receive the motion until October 1, 2021. As the Court has entered a scheduling order, the motion is now **MOOT**.

G.     Motion to Compel (ECF No. 117) Against Corizon

This motion is related to the motion at ECF No. 113. Here, Plaintiff argues Corizon's response to his request for production of a copy of the Clinical Objectives Checklist signed by Scales proves Corizon does not have such a document. As with the request for admission, Corizon's response to the request is that it made a reasonable inquiry but has no document in its possession, custody, or control responsive to the request. (ECF No. 117, PageID.860). In its response brief, Corizon indicates it has requested Ms. Scales' training file and there was no responsive document to produce. However, it further asserted discovery is still in

10

the early stages, and it is possible responsive documents are located at the Genesee County Jail. (ECF No. 119, PageID.910).

Of course, the Court cannot compel production of documents over which Corizon does not have possession, custody, or control. Again, Corizon is reminded of its obligation to supplement discovery responses should new information or documents come to light.

H.    Motion to Enter Discovery into Evidence (ECF No. 121)

In this motion, Plaintiff explains he has obtained discovery materials from Genesee County since the filing of his amended complaint. He "files the germane portion of said discovery as exhibits to this pleading. And at the close of all discovery practice, it is Plaintiff's every intention to rely on this filed discovery when he moves for partial summary judgment." (ECF No. 121, PageID.929). Indeed, attached to the motion are nearly thirty pages of responses to discovery requests.

Pursuant to Eastern District of Michigan Local Rule 26.2, "A party or other person may not file discovery materials" except when it provides factual support for a motion, response, or reply; when it is read or otherwise used during a trial or other proceeding; on order of the Court; or if the discovery material not previously filed is needed for an appeal. None of these circumstances are present here. Rather, Plaintiff filed the discovery simply so that it is held on the Court's docket

for a later date.  That is impermissible.  Accordingly, the motion is **STRICKEN**. Plaintiff is warned any future attempts to file discovery materials in violation of Local rule 26.2 will be summarily stricken.

    **IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date:  October 19, 2021                          s/Curtis Ivy, Jr.
                                                          Curtis Ivy, Jr.
                                                          United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 19, 2021, by electronic means and/or ordinary mail.

           s/Kristen MacKay
           Case Manager
           (810) 341-7850