UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>     Plaintiff,<br>v.<br><br>GENESEE COUNTY, CORIZON<br>HEALTH CORPORATION, and<br>TAQUANA SCALES,<br>     Defendants.<br>_____/ | Case No.: 20-13361<br><br>Bernard A. Friedman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR CLARIFICATION (ECF No. 123, 124), STRIKING MOTIONS TO ENTER DISCOVERY (ECF Nos. 125, 126), DENYING AS MOOT MOTION TO EXPEDITE SUBPOENA FORMS (ECF No. 130)**

Now before the Court are five new motions Plaintiff filed during October 2021.

    A.    Motions for Clarification (ECF Nos. 123, 124)

On October 6, 2021, Plaintiff Dorian Sykes mailed to the Court a motion for clarification regarding the jury demand in this case. (ECF No. 123). The motion is **GRANTED**. Plaintiff correctly pointed out the scheduling order entered September 30, 2021, indicates a jury trial was not demanded. (ECF No. 114). This is an error. The Court will amend the scheduling order to reflect the fact a jury trial has been demanded in this matter.

Plaintiff mailed another motion for clarification regarding the scheduling order on October 14, 2021.  (ECF No. 124).  This motion is **GRANTED**.  Plaintiff is correct this case is exempt from the requirement of exchanging initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(B).  The scheduling order provides, "Initial disclosures, *if any*, pursuant to Federal Rule of Civil Procedure 26(a) must be made within 28 days of the entry of this order."  (ECF No. 114, PageID.835) (emphasis added).  The inclusion of the phrase "if any" is meant to allow the parties in prisoner civil rights cases to provide initial disclosures if they choose to do so.  Plaintiff is under no obligation to provide initial disclosures to the defendants.

      B.      <u>Second and Third Motions to File Discovery (ECF Nos. 125, 126)</u>

Plaintiff filed two new motions through which he intends to place discovery materials on the docket without connection to a pending motion.  He attempted this previously in his first motion to enter discovery on the docket (ECF No. 121).  On October 19, 2021, the Court struck that motion in an Order explaining Local Rule 26.2 prohibits a party from filing discovery materials except when it provides factual support for a motion or response.  (ECF No. 122).  The Court warned any future attempts to file discovery in this manner would be stricken.  Plaintiff likely did not receive the Court's October 19, 2021 Order when he mailed the Second and Third Motions to enter discovery.  Thus, the Court does not fault Plaintiff for his

second attempt to file discovery. Nevertheless, the motions are **STRICKEN** as impermissible attempts to file discovery unconnected to a motion or response.

    C.    <u>Motion to Expedite Subpoenas (ECF No. 130)</u>

On September 30, 2021, the Court granted Plaintiff's motion to direct the Clerk's Office to send Plaintiff fifteen signed but otherwise blank subpoena forms pursuant to Fed. R. Civ. P. 45(a)(3). Plaintiff has now filed a motion for the Clerk's Office to expedite mailing the forms to Plaintiff. (ECF No. 130). This motion is **DENIED AS MOOT** as on October 25, 2021, the Clerk's Office indicated it mailed Plaintiff the subpoena forms in accordance with the September 30, 2021 Order.

    **IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 27, 2021                     s/Curtis Ivy, Jr.
                 Curtis Ivy, Jr.
                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 27, 2021, by electronic means and/or ordinary mail.

                 s/Kristen MacKay
                 Case Manager
                 (810) 341-7850