UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>　　　　　　　Plaintiff,<br>v.<br><br>GENESEE COUNTY, CORIZON HEALTH CORPORATION, and TAQUANA SCALES,<br>　　　　　　　Defendants.<br>_____/ | Case No.: 20-13361<br><br>Bernard A. Friedman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER REGARDING PLAINTIFF'S OCTOBER AND NOVEMBER MOTIONS (ECF Nos. 127, 128, 136, 139, 142, 143, 144, 145, 146, 156, 160), GRANTING GENESEE COUNTY'S MOTION FOR EXTENSION (ECF No. 164), AND ORDER DEEMING SATISFIED ORDER TO SHOW CAUSE (ECF No. 150)**

Now before the Court are motions filed by Plaintiff and Defendant Genesee County.

A.　Plaintiff's Motion to Compel (ECF No. 127)

Plaintiff filed this motion on October 13, 2021, seeking production of a list of inmates at the Genesee County Jail between June 8, 2020 and October 2020. The county responded that it supplemented its production with a list of names of persons arrested and jailed the same date as Plaintiff. (ECF No. 147). In his reply, Plaintiff agreed the supplemental production moots his motion to compel. (ECF No. 155). The motion is therefore **TERMINATED AS MOOT**.

B.      <u>Motion for Extension of Witness List Deadline (ECF No. 128)</u>

This motion relates to the motion to compel just discussed. When Plaintiff filed this motion for extension of the witness list deadline, he did not yet have the production of names of inmates. He sought an extension until March 20, 2022 to file his initial witness list. (ECF No. 128). Plaintiff did not address the effect of the supplemental production on this motion. Given Genesee County's supplemental production of the list of inmate names during October 2021, and that Plaintiff has since filed an initial witness and an amended initial witness list (ECF Nos. 129, 135), it appears the motion is now **MOOT**, and will be terminated as such.

C.      <u>Motion to Compel Against Genesee County (ECF No. 136)</u>

During September 2021, Plaintiff served seven requests for admission on Genesee County. As of the date of his motion, November 9, 2021, the County had not responded. Plaintiff filed this motion to compel the County to respond to the discovery requests. (ECF No. 136). In its response brief, Genesee County agreed answers were overdue. That said, Genesee County revealed it could not answer one of the requests at that time because it did not have the information necessary. (ECF No. 148). In his reply, Plaintiff "takes issue" with the County's failure to supplement request for admission no. 5, which asks why the County had failed to

provide certain video for viewing. Plaintiff requested that the County be given a deadline by which to supplement its answer to the request. (ECF No. 155).

To the extent that this matter is still in dispute, Plaintiff's motion is **GRANTED IN PART**. Genesee County must answer request for admission no. 5 no later than **January 24, 2022**.

D.     Motion to Compel Against Genesee County (ECF No. 139)

In a reply brief, Plaintiff indicated this motion to compel Genesee County to supplement discovery responses is moot because the County adequately did so. (ECF No. 155). Therefore, this motion to compel is **TERMINATED AS MOOT**.

E.     Motion to Compel Against Corizon (ECF No. 142)

Plaintiff brought this motion to compel Corizon to respond to discovery as, according to Plaintiff, more than 30 days had elapsed since the requests were served. (ECF No. 142). In its response, Corizon asserts that Plaintiff requested the responses be served no later than November 15, 2021, even though responses were due, according to the Federal Rules of Civil Procedure, on November 11, 2021. On November 11, 2021, Corizon mailed its responses to Plaintiff. (ECF No. 151). Because Corizon served responses on Plaintiff, this motion is **DENIED AS MOOT**.

F.     Motion for Count Appointed Expert Witness (ECF No. 143)

Plaintiff moves for a court-appointed expert, specifically a statistician, pursuant to Federal Rule of Evidence 706.  This proposed statistician would conduct research into Defendant Corizon's past pattern of deliberate indifference and failure to adequately supervise and train its employees to support Plaintiff's claims.

The motion is **DENIED** because Plaintiff is not entitled to a court-appointed expert.  Federal Rule of Evidence 706(a) permits the appointment of an expert to aid the courts, but does not authorize the district court to provide a plaintiff with funds for an expert witness or to appoint such a witness on a plaintiff's behalf. *See Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008) (affirming district court's refusal to appoint expert witness for *pro se* prisoner alleging inadequate medical care); *Valdes v. Evans*, 2019 WL 6580759, at *5 (W.D. Ky. Dec. 4, 2019).

G.	Motion to Compel Against Genesee County (ECF No. 144)

Plaintiff asserts he served discovery requests on Genesee County and more than 30 days had elapsed without a response from the County.  (ECF No. 144). Genesee County did not file a response brief.  To the extent that these discovery requests are still outstanding, the motion is **GRANTED**.  Genesee County must respond to the requests identified in this motion no later than **January 24, 2022**.

H.	Motion for Appointment of Counsel (ECF No. 145)

4

In support of his motion for appointed counsel, Plaintiff asserts he is likely to succeed on dispositive motions and at trial, and based on his placement in segregation and seizure of legal documents by jail staff, he needs counsel. (ECF No. 145).

As the Court explained in denying Plaintiff's first motion for appointment of counsel (ECF Nos. 9, 31), under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff's claims are not overly complex. Moreover, his briefs and other filings with the court establish that he has an adequate understanding of the issues and matters involved here, and has an adequate understanding of litigation. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Should Plaintiff's lack of access to legal materials impact his ability to respond to a motion or bring a motion to this Court, he may file a simple request for enlargement of time explaining the circumstances.[1] Should a dispositive motion be decided in his favor on the merits of his claims, he may re-file the motion for the appointment of counsel.

For the reasons stated above, Plaintiff's motion to appoint counsel (ECF No. 145) is **DENIED WITHOUT PREJUDICE**.

I.  Motion to Grant Motion for Partial Summary Judgment (ECF No. 146) and Genesee County's Motion for Extension of Time (ECF No. 164)

Plaintiff moved for partial summary judgment against defendants Corizon and Genesee County on October 25, 2021. (ECF No. 134). As of November 23,

---

[1] The undersigned will separately address Plaintiff's assertion that prison officials have taken his legal materials.

2021, Genesee County had not responded to the motion. On that date, Plaintiff mailed a motion to grant his motion for partial summary judgment against the County for its failure to respond. (ECF No. 146). On December 13, 2021, the Court ordered Genesee County to show cause why the dispositive motion should not be granted against it for its failure to respond. (ECF No. 150). The County was directed to file a response and to show good cause for the delay.

On December 29, 2021, Genesee County timely filed a response to the motion for partial summary judgment and filed a motion for extension of time to respond. (ECF Nos. 164, 165). In its motion to extend, the County's counsel acknowledges he failed to file a timely response. He asserts the untimeliness was due to the failure to calendar the response deadline.

Federal Rule of Civil Procedure 6(b)(1)(B)'s excusable neglect standard controls. Federal Rule of Civil Procedure 6(b)(1)(B) permits the court to extend the time to act, after the time to act has expired, where there is good cause and the party failed to act because of excusable neglect. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). To determine whether

7

the failure to file a response within the allotted time constitutes excusable neglect, the Court weighs these factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the late-filing party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer*, 507 U.S. at 395). The court should "tak[e] account of all relevant circumstances surrounding the party's omission."

In weighing the requisite factors noted above, the Court finds granting Genesee County's motion to extend appropriate. Plaintiff has not been materially prejudiced by receiving the County's response brief a month late. The approximately one-month delay will not seriously impact this litigation. Notably, the discovery and dispositive motion deadlines still have yet to pass. To avoid any potential prejudice, the Court will extend Plaintiff's time to file a reply brief. Finally, although the reason for the delay is somewhat weak and the delay was within the control of the County's counsel, there is no basis to conclude counsel acted in bad faith in bringing this motion. On balance, the factors militate against denying Genesee County's motion, and thus this Court will **DENY** Plaintiff's motion to grant his dispositive motion (ECF No. 146) and **GRANT** Genesee County's motion for extension of the response deadline (ECF No. 164).

Plaintiff may file a reply brief no later than **January 24, 2022**.

The December 13, 2021 Order to Show Cause (ECF No. 150) is **SATISFIED**.

J.  Motion to Compel Against Taquana Scales (ECF No. 160)

On August 23 and September 3, 2021, Plaintiff mailed requests for admission to defendant Taquana Scales' counsel.  Counsel responded to Plaintiff by letter on September 15, 2021, acknowledging receipt of a settlement offer and the discovery requests.  Counsel indicated he needed additional time to respond to the discovery requests.  (ECF No. 160, PageID.1384).  As of the mailing of Plaintiff's motion, November 28, 2021, no discovery responses were forthcoming.  Hence, Plaintiff moved to compel responses.  Scales did not file a response brief.

To the extent that these discovery requests are still outstanding, the motion is **GRANTED**.  Scales must serve responses to the requests indicated in this motion no later than **January 24, 2022**.

K.  Motion for Clarification (ECF No. 156)

Plaintiff moves to clarify that he seeks relief, in part, based on negligence rather than gross negligence.  He explains when he filed his complaint, he was unaware "gross negligence" was not an independent cause of action.  The defendants did not respond to this motion.  In the interest of judicial economy, the Court will **GRANT** the motion, and rather than requiring Plaintiff to file an

9

amended complaint, the Court will consider Plaintiff's gross negligence claim as that of ordinary negligence. The Defendants are directed to follow suit.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 3, 2022,                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2022, by electronic means and/or ordinary mail.

                                          s/Kristen MacKay
                                          Case Manager
                                          (810) 341-7850