UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>      Plaintiff,<br>v.<br><br>GENESEE COUNTY, CORIZON<br>HEALTH CORPORATION, and<br>TAQUANA SCALES,<br>      Defendants.<br>_____/ | Case No.: 20-13361<br><br>Shalina D. Kumar<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER REGARDING MOTIONS (ECF Nos. 141, 153, 158, 159, 161, 170, 172, 181, 183, 187, 189, 190, 192, 194, 200, 201, 202)**

Now before the Court are various motions filed by the plaintiff.

A. Plaintiff's Notice to the Court and Motion for Order (ECF No. 141)

On November 18, 2021, Plaintiff filed a notice indicating prison officials at USP Colman II, where Plaintiff is currently housed, seized his legal documents. He requests a Court order directing Bureau of Prison officials to return the legal documents for this action. (ECF No. 141, PageID.1200-01). The motion is **DENIED** as Plaintiff is seeking relief against parties who are not named in the current action and for actions that do not factually relate to any claim in the complaint. *Cummings v. Klee*, 2018 WL 2693985, at *2 (E.D. Mich. June 5, 2018) (Plaintiff's objections to report and recommendation denied as Plaintiff's requests for injunctive relief were neither sought against defendants named in the current

action nor related to the factual bases of the complaint); see *Bloodworth v. Timmerman-Cooper*, 2011 WL 4573943, at *2 (S.D. Ohio Sept. 29, 2011), *report and recommendation adopted*, 2011 WL 5403217 (S.D. Ohio Nov. 8, 2011) (Plaintiff's request for relief against officials not party to this suit for tampering with his mail was denied as unrelated to the complaint and the court noted that it lacked jurisdiction over officials who were not named parties).

B.     Motions Related to Plaintiff's Motion for Partial Summary Judgment

On October 25, 2021, Plaintiff moved for partial summary judgment.  (ECF No. 134).  In a report and recommendation filed separately, the undersigned recommended that the motion be terminated or denied without prejudice and that Plaintiff be required to re-file the motion containing all the facts and various arguments he wishes the defendants and the Court to address.  In light of that recommendation, all the motions related to the motion for partial summary judgment are **DENIED AS MOOT**: ECF No. 153 (Plaintiff's Motion for Leave to Properly Support Facts), ECF No. 161 (Plaintiff's Motion for Consideration of his motion for partial summary judgment), ECF No. 170 (Motion for Clarification regarding Corizon's response to the motion for partial summary judgment), ECF No. 183 (Plaintiff's Motion for Judicial Inquiry), and ECF No. 187 (Corizon's Motion to Strike Plaintiff's supplemental briefs to his motion for partial summary judgment).

Also, in relation to Plaintiff's dispositive motion is his motion to deem the dispositive motion uncontested as to defendants Genesee County and Taquana Scales because they did not file a response brief. (ECF No. 172). A liberal review of the motion for partial summary judgment does not suggest Scales needed to respond, as it does not appear Plaintiff raised it against her. Further, on December 13, 2021, the Court ordered Genesee County to show cause why the motion should not be granted against it. Subsequently, the County timely moved for extension of time to file a response (ECF No. 164), which was granted (ECF No. 167), and a response brief (ECF No. 165). Because Genesee County has now responded, and Scales did not need to respond to the motion for partial summary judgment, Plaintiff's motion to consider his dispositive motion uncontested (ECF No. 172) is **DENIED**.

    C.    <u>Plaintiff's Motion to Compel against Corizon (ECF No. 158)</u>

Plaintiff conceded this motion has been resolved and should be **TERMINATED AS MOOT**. (ECF No. 177, PageID.1707).

    D.    <u>Plaintiff's Motion to Compel against Genesee County (ECF No. 159)</u>

Plaintiff brought this motion to compel discovery responses to the requests to produce documents and for admission against Genesee County. (ECF No. 159). According to Plaintiff, more than 30 days had elapsed since mailing the requests, but the County failed to respond. Responses to requests for admission and for

3

production of documents are due within 30 days of service of the requests. Fed. R. Civ. 34(b)(2)(A) and 36(a)(3). As the County did not file a response to this motion, it is not clear whether Genesee County responded to the discovery request.[1] The motion is **GRANTED**. Genesee County must answer these discovery requests **within 14 days** of this Order.

     E.     Motion for Evidentiary Hearing (ECF No. 181)

This motion challenges many of Corizon's planned fact witnesses from the initial witness list. In the motion, Plaintiff requests an evidentiary hearing to address whether the fact witnesses have relevant and admissible information. Planned witnesses David Kennamer and Scott Pritchard are expected to give testimony about Plaintiff smuggling contraband into the Genesee County Jail. According to Plaintiff, however, their testimony is not relevant to Plaintiff's claims related to sexual abuse. (ECF No. 181, PageID.1721-22). He also challenges witnesses #7-34 who will testify on Plaintiff's alleged refusal to follow instructions and his sexual harassment and threats to medical staff. Plaintiff asserts evidence of a person's character is inadmissible under Fed. R. Evid. 401(a)(1). (*Id.* at PageID.1723-24).

Corizon was not ordered to file a response brief and did not do so on its own.

---

[1] Although the Federal Rules of Civil Procedure provide 30 days for responses, the Court accepts the need for a grace period of a few days in prisoner litigation because mail coming from and going to prisons is not always expeditious.

Plaintiff's motion is premature, given that none of these witnesses have been offered in any formal manner in support of Corizon's defense. As a result, it is **DENIED**. The Court will not hold an evidentiary hearing at this time to determine whether Corizon's listed fact witnesses have relevant and admissible testimony to offer at trial. "Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—'evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Litig.*, 2021 WL 5847078, at *1 (S.D. Ohio Dec. 9, 2021) (quoting *Ind. Ins. Co. v. General Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). At this stage, evaluating proposed testimony of all the contested witnesses based only on the assertions made in Plaintiff's motion would not be an efficient use of the Court's time. This motion would be better addressed as a motion in limine when and if the defendant attempts to use the witness testimony.

F.   Plaintiff's Motion to Compel against Non-Party (ECF No. 189)

Plaintiff states that on December 20, 2021, he mailed a subpoena for production of documents to non-party Saginaw County Sheriff's Department ("SCSD"). As of the date of his motion, January 25, 2022, no responses were forthcoming. (ECF No. 189, PageID.1811-12). It does not appear Plaintiff served

this motion on non-party SCSD. Thus the SCSD has not had an opportunity to respond to the allegation.

That said, the Court notes Plaintiff filed this motion 36 days after the subpoena addressed to the SCSD was placed in the mail. As previously noted, mail, especially coming to or from a correctional facility, is not always expeditious. Perhaps, since the filing of this motion, the SCSD has responded to the discovery requests, in which case the motion would be considered moot. In any event, it appears the subpoena was proper and also properly addressed. If the SCSD has yet to respond, the following applies: **Plaintiff must mail a copy of his motion to compel and this Order to the SCSD**. He must then **file notice with the Court** reflecting he mailed his motion and this Order to the SCSD, including the address to which it was sent. This motion will be held in abeyance and the Court will rule on it after the SCSD has responded, or following enough time for the SCSD's response.

G.   Motions to Compel against Corizon (ECF No. 190, 192)

The following general discovery principles apply to these discovery motions. Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Plaintiff's motion to compel at ECF No. 190 relates to his First Set of Interrogatories to Corizon. Plaintiff asserts Corizon, in response to the interrogatories, used excuses to avoid answering all of them. (ECF No. 190, PageID.1822). Corizon says it answered the first interrogatory but properly objected to remaining interrogatories 2 through 11. On review of Corizon's responses and explanations of objections, the Court agrees the responses were appropriate and will **GRANT IN PART, DENY IN PART** the motion to compel.

Interrogatories 2 and 3 ask whether Corizon has ever settled any actions or lost on summary judgment in a case involving claims of inadequate training and

supervision of employees. (ECF No. 207-2, PageID.1953). Corizon objected to both asserting that neither request is limited to time or location and thus is overboard, vague, and not calculated to lead to the discovery of relevant evidence and is not proportional to the needs of the case. (*Id.* at PageID.1953-54). As Corizon explains, it provides healthcare services to over 220 facilities in 17 states. Without a limitation on the requests, Defendant asserts it would need to look through every claim for inadequate training ever filed in every state, a task that exceeds the needs of this case. (ECF No. 207, PageID.1936). The Court agrees and limits the requests: Corizon must identify by name and case number inadequate training and supervision cases it settled or in which it lost summary judgment for cases filed in the Eastern District of Michigan both two years before and two years after December 1, 2020, the date this case was filed.

Interrogatories 4-11 requested information irrelevant to the claims here. For example, in interrogatory no. 4 Plaintiff asks whether it was true that Corizon settled a lawsuit about a prisoner who died in a prison facility in Georgia during April 2014. (ECF No. 207-2, PageID.1954). Interrogatories 9-11 request information about whether Corizon lost contracts at various prisons in other states. (*Id.* at PageID.1955-56). These requests are irrelevant to Plaintiff's inadequate training claims here.

In the second motion, ECF. No. 192, Plaintiff contests Corizon's response to a request for production of documents. He contends the response was evasive. He asked for production of documents singed by "Julie Rexroth, Dr. McCarthy, and Taquana Scales that either of them had received training regarding the PREA by Corizon." (ECF No. 192, PageID.1843). Corizon responded: "Defendant Corizon has produced a copy of a Recommended Interventions, the PREA Clinical Module, the PREA Orientation Clinical Objectives Checklist, the PREA Patient Information Fact Sheet, and Corizon Policy No. Y-B-05.00. Further discovery may supply additional documents and information; therefore, Defendant Corizon reserve the right to supplement this response." (*Id.*). Plaintiff argues Corizon should be compelled to answer whether it has in its possession the requested documents.

In its response brief, Corizon asserts that, after a reasonable search, it produced all documents found that are relevant and responsive to the request. (ECF No. 207, PageID.1939). It again stated should more responsive documents emerge, it will supplement its production.

Corizon's counsel is no doubt aware of the certification they make under Fed. R. Civ. P. 11(b) by signing the response brief. Counsel is also aware of the obligation to supplement discovery when responsive documents or answers surface. With these principles in mind, the Court **DENIES** Plaintiff's motion to compel (ECF No. 192). For now, Corizon has produced the documents it has that

9

are responsive to the request. Plaintiff has not provided a reason for the Court to question Corizon's representations.

      H.    <u>Motion to Compel against Genesee County (ECF No. 194)</u>

This dispute is about two requests for production of documents: (1) all records from the past ten years of inappropriate inmate/staff relationships and (2) all records for the last ten years of inmate sexual abuse and sexual harassment complaints made against Genesee County Jail employees, contractors, and volunteers. (ECF No. 196-2, PageID.1880). Genesee County provided the following response:

> There is no way to search for such complaints. This question can only be answered from memory. [Counsel] consulted with the Jail Administrator . . . and the head of the Detective Bureau . . . . There has only been one other such allegation in that time frame. The deputy's name was Lisa Reid. Defendant objects to producing the records of those investigations for the reason that they contain private and embarrassing information the deputies and the inmates involved, and Defendant does not trust Plaintiff to comply with the terms of a Protective Order.

(*Id.*). In its brief, the County argued the file related to that single case contains information irrelevant here, but that Plaintiff could request more information about the discipline that deputy received. (ECF No. 196, PageID.1871).

For now, the Court agrees Plaintiff is not entitled to the entire disciplinary file in the identified case because the details of the inmate/staff interactions are not

10

relevant to Plaintiff's claim that the County has a pattern of tolerating sexual abuse. Because Plaintiff asked for all records, however, he is entitled to production of information about the discipline the officer received, without needing to send a new, separate request. This motion to compel is **GRANTED IN PART**. Genesee County must produce this information **within 14 days** of this Order. If after this production Plaintiff believes he is entitled to more information, he may file a motion explaining his position.

That said, the Court is not persuaded that the County cannot search for sexual abuse or harassment complaints. Complaints of this nature likely trigger an investigatory process that would be documented, and thus should be able to be searched. Counsel for the County is reminded of its obligations to supplement discovery and of the application of Fed. R. Civ. P. 11(b) by signing papers submitted to the Court. Should additional responsive information emerge, the County must produce it.

I. Motion to Compel against the United States Marshals Service (ECF No. 202)

On January 2, 2022, Plaintiff mailed a third-party subpoena requesting documents from the United States Marshals Service ("USMS"). Documents were due from the USMS on February 7, 2022. On February 8, 2022, Plaintiff moved to compel the USMS to comply with the subpoena as he had not received the requested documents. (ECF No. 202).

11

Given normal delays with mail, it is possible the USMS mailed documents to Plaintiff before the deadline, but which had not arrived before February 8. Thus, it is possible the USMS has complied with the subpoena.

In any event, as with the subpoena directed at the SCSD discussed above, there is no indication in Plaintiff's motion that he mailed the motion to compel to the USMS. Thus, if the discovery is still outstanding, Plaintiff must **mail a copy of his motion to compel and this Order to the USMS**. He must then **file notice with the Court** reflecting he mailed his motion and this Order to the USMS, including the address to which it was sent. This motion will also be held in abeyance and the Court will proceed to a decision after reviewing the USMS's response, or an adequate time to respond has passed.

J.     Motion for Telephonic Settlement Conference (ECF No. 200)

Plaintiff moves the Court to hold a telephonic settlement conference. He asserts he has attempted to discuss settlement with each defendant, but the defendants wish to proceed to a trial. (ECF No. 200, PageID.1896-97). The motion is **DENIED WITHOUT PREJUDICE**. Pursuant to the case management order, discovery is not set to close until March 30, 2022, and the dispositive motion deadline is set for May 2, 2022. (ECF No. 132). Additionally, Genesee County moved for partial summary judgment (ECF No. 173), which has not been addressed by the Court.

Because discovery is ongoing and a dispositive motion is pending, with others likely to be filed, a settlement conference is premature. Should any claims remain after dispositive motions have been decided, the time may be ripe for a settlement conference.

K.  Motion to Set Trial Date (ECF No. 201)

Plaintiff moves the Court to set a trial date to "push this action along." (ECF No. 201, PageID.1900). This motion is **DENIED WITHOUT PREJUDICE**. Pursuant to the scheduling order, the matter of a trial will be addressed "following resolution of dispositive motions" and by the District Judge. (ECF No. 132, PageID.1042). The deadline for dispositive motions has yet to pass, so setting a trial date is premature.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.

Date: March 15, 2022               s/Curtis Ivy, Jr.
                                   Curtis Ivy, Jr.
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon the parties and/or counsel of record on March 15, 2022, by electronic means, ordinary mail, or both.

                                   s/Kristen MacKay
                                   Case Manager
                                   (810) 341-7850