UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>        Plaintiff, | Case No.: 20-13361 |
| v. | Shalina D. Kumar<br>United States District Judge |
| COUNTY OF GENESEE,<br>CORIZON HEALTH<br>CORPORATION, and TAQUANA<br>SCALES,<br>        Defendants.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 134)**

**I.    DISCUSSION**

Plaintiff Dorian Trevor Sykes filed this prisoner civil rights suit on December 1, 2020, without the assistance of counsel. (ECF No. 1). This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 28).

Earlier in the case Plaintiff filed two motions for summary judgment, both before entry of a scheduling order. The undersigned recommended both motions be denied without prejudice as premature. (ECF Nos. 30, 67). The undersigned explained that before ruling on a summary judgment motion, the Court must give the parties adequate time for discovery. Summary judgment motions "filed before the close of discovery [are] often denied as premature in [the Sixth C]ircuit, either

on the opposing party's Rule 56(f) affidavit and request or *on the [C]ourt's own initiative* without an explicit request from the opposing party." *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010)) (emphasis in original); *see also Harris v. Jiangsu ASG Earth Env't Prot. Sci. and Tech. Co., Ltd.*, 2014 WL 4661953, at *2-3 (E.D. Ky. Sept. 18, 2014) (collecting cases). The Court adopted both reports and recommendations denying the motions without prejudice. (ECF Nos. 40, 76).

Less than one month after the beginning of discovery, on October 25, 2021, Plaintiff moved for partial summary judgment. (ECF No. 134). Unsurprisingly, because discovery had only just begun, Plaintiff did not have all the evidence he required to support his claims. He has since moved to provide additional evidence and has filed additional evidence for consideration with his motion. On December 10, 2021, Plaintiff moved for leave to add evidence to the record to support his arguments. (ECF No. 153). He later moved for judicial inquiry into the Clerk's Office. He asserts that included in the envelope with his motion for leave to properly support his motion was a group of documents titled "Plaintiff's Supplemental Supporting Facts and Evidence" that were inexplicably not docketed. (ECF No. 183, PageID.1729). On January 10, 2022, Plaintiff filed another brief and evidence as a supplement to his motion for partial summary

judgment. (ECF No. 176). He asserts these were filed to correct the purported error of the Clerk's Office by failing to docket evidence. (*Id.* at PageID.1690). In response, Defendant Corizon moved to strike the brief and evidence arguing this filing, along with another, is a sur-reply filed without leave of the Court. (ECF No. 187). Additionally, in a motion docket at ECF No. 161, he attached Defendant Genesee County's responses to requests for admission for consideration along with his motion for partial summary judgment. (ECF No. 161, PageID.1387-88).

Plaintiff prematurely moved for partial summary judgment. As it stands, were the Court to grant Plaintiff's motions to supplement his motion and consider the other evidence on the docket, the Court would be made to piece together evidence and argument from various sources on the docket, which is neither a proper nor efficient means of addressing a dispositive motion. To give Plaintiff a full opportunity to present his arguments and evidence, the undersigned finds the more prudent course is to withdraw the motion for partial summary judgment at ECF No. 134 and require Plaintiff to re-file the motion in one document containing <u>all</u> the facts and arguments he wishes the defendants and the Court to address.

II.   **RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 134) be **TERMINATED** on the docket or **DENIED WITHOUT PREJUDICE**, and that

3

if Plaintiff still desires to do so, he be required to re-file the motion encompassing all of the evidence and arguments he desires to advance in one submission.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

4

No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 15, 2022          s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2022, by electronic means and/or ordinary mail.

                                              s/Kristen MacKay
                                              Case Manager
                                              (810) 341-7850