UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>                       Plaintiff,<br><br>v.<br><br>GENESEE COUNTY, et al.,<br>                       Defendants. | Case No. 20-cv-13361<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 213)**

Plaintiff, a *pro se* prisoner, filed this civil rights action against defendants in December 2020. ECF No. 1. This matter has been referred for all pretrial matters to the assigned magistrate judge. ECF No. 28. On March 15, 2022, the magistrate judge issued a report and recommendation (R&R) finding that plaintiff's motion for partial summary judgment (ECF No. 134) was premature and recommending the Court deny it without prejudice. ECF No. 213. At the conclusion of the R&R, the magistrate judge notified the parties that they must file any objections to the R&R within fourteen days. *Id.* Plaintiff timely filed objections to the R&R. ECF No. 218.

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. See *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has made a *de novo* determination of those portions of the R&R to which plaintiff objects and reaches the same conclusion as the magistrate judge. Plaintiff twice filed motions for summary judgment before the entry of a scheduling order, and before discovery had begun. ECF Nos. 21, 53. The magistrate judge recommended both motions be denied as premature, and the Court adopted those R&Rs, denying the motions without prejudice. ECF Nos. 30, 40, 67, 76. In October 2021, barely one

month into discovery, plaintiff again filed a motion for partial summary judgment. ECF No. 134. Plaintiff subsequently filed at least three supplements to further support his motion with developing evidence, thus demonstrating that his third motion for partial summary judgment was indeed premature when filed. ECF Nos. 153, 161, 176.

The Court therefore **ADOPTS** the magistrate judge's R&R to deny plaintiff's October 2021 motion for partial summary judgment as premature. ECF No. 213.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for partial summary judgment (ECF No. 134) is **DENIED** without prejudice. Nothing in this order precludes plaintiff from filing a new motion for summary judgment now that discovery has been completed.

Dated: May 31, 2022

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge