UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>    Plaintiff,<br>v.<br><br>COUNTY OF GENESEE,<br>CORIZON HEALTH<br>CORPORATION, and TAQUANA<br>SCALES,<br>    Defendants.<br>_____/ | Case No.: 20-13361<br><br>Shalina D. Kumar<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON GENESEE COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 173)**

**I.   DISCUSSION**

Plaintiff Dorian Trevor Sykes filed this prisoner civil rights suit on December 1, 2020, without the assistance of counsel. (ECF No. 1). This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 28).

Genesee County moved for partial summary judgment on January 5, 2022, arguing that Plaintiff's Prison Rape Elimination Act ("PREA") claims should be dismissed because PREA does not confer a private right of action. (ECF No. 173). Plaintiff responded to the motion (ECF No. 203) and it is now ready for report and recommendation.

The County asserts Plaintiff sued it for violating the Eighth Amendment to the United States Constitution and for violating PREA.[1] Plaintiff insists he did not raise a PREA claim. Instead, he argues his claims are for inadequate training and supervision of Genesee County contractors. (ECF No. 203, PageID.1914).

Genesee County is correct that PREA does not provide prisoners a private right of action. It is well-established that, "where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). PREA was enacted to address the problem of prison rape by creating national standards on its prevention, detection, and punishment. 34 U.S.C. § 30302. "Numerous Courts that have addressed this issue have determined that the PREA provides no private right of action to individual prisoners." *Peterson v. Burris*, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) (collecting cases); *see also Raines v. Unknown Parties*, 2022 WL 1616946, at *6 (W.D. Mich. May 23, 2022).

Although Plaintiff contends he did not raise a claim for violation of the PREA statute, in an abundance of caution and to the extent that such a claim exists in the operative complaint, the undersigned suggests the motion for partial

---

[1] The County filed a second motion for partial summary judgment incorporating by reference the argument raised in this motion as an addition to the new arguments. (ECF No. 243).

summary judgment be **GRANTED** and any claim for violation of PREA be **DISMISSED** because there is no private right of action.[2]

## II.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Genesee County's motion for partial summary judgment (ECF No. 173) be **GRANTED** and any claims for violation of PREA be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

---

[2] The undersigned will address the newly filed motions for summary judgment after they are fully briefed.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 11, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 11, 2022, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850