UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>    Plaintiff,<br>v.<br><br>GENESEE COUNTY, CORIZON<br>HEALTH CORPORATION, and<br>TAQUANA SCALES,<br>    Defendants.<br>_____/ | Case No.: 20-13361<br><br>Shalina D. Kumar<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER ON PLAINTIFF'S MOTIONS (ECF Nos. 231, 235, 236)

Defendant Genesee County previously moved to extend scheduling order deadlines to allow it time to schedule and take Plaintiff's deposition at the correctional facility at which he is housed in Florida, which the Court granted. Plaintiff's deposition was scheduled to be taken on May 5, 2022. However, the prison requested that it be rescheduled. On May 6, 2022, Plaintiff moved for an order requiring the defendants to take his deposition by written question because of the delays in taking his live deposition. (ECF No. 231). On May 13, 2022, Defendants took Plaintiff's live deposition. Plaintiff's motion (ECF No. 231) is, therefore, **DENIED AS MOOT**.

On May 18, 2022, Plaintiff moved to compel defendant Corizon to respond to discovery requests. (ECF No. 235). In response to that motion, Corizon states that it did not receive this motion to compel until May 26, 2022, and mailed

supplemental responses to Plaintiff on May 27, 2022. (ECF No. 239). Plaintiff did not file a reply brief to either confirm or deny that he received the supplemental responses. The Court will assume he received them. This motion to compel (ECF No. 235) is **DENIED AS MOOT**.

Plaintiff filed another motion to compel on May 18, 2022. The second motion related to a request for his deposition transcript. He asserts that he is indigent and needs the transcript to rebut dispositive motions. He also contends the deposition was invalid because neither defendant moved the Court to change the date of his deposition. (ECF No. 236). Genesee County responded to the motion. It argued that it should not have to pay Plaintiff's litigation costs. (ECF No. 237).

Genesee County is correct that it need not provide Plaintiff a free copy of the transcript. "'[A]n indigent plaintiff bears his own litigation expenses.'" *Green v. Miller*, 2015 WL 1014914, at *2 (E.D. Mich. Mar. 9, 2015) (quoting *Dujardine v. Mich. Dept. of Corr.*, 2009 WL 3401172, at *1 (W.D. Mich. Oct. 19, 2009)).

> [N]othing in the Constitution, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of Michigan entitle plaintiff to a free copy of his deposition transcript. The most plaintiff could have asked for was to review the transcript and make changes within thirty days. Fed. R. Civ. P. 30(e). But only if plaintiff pays "reasonable charges" would the court reporter have been obligated to produce a copy of the transcript. *See* Fed. R. Civ. P. 30(f)(3).

*Brown v. Rivard*, 2018 WL 4907706, at *7 (E.D. Mich. Oct. 10, 2018). For these reasons, Plaintiff's motion to compel the defendants to provide a free copy of his deposition transcript is **DENIED**. That said, the request now appears moot since Corizon attached the deposition transcript to its motion for summary judgment (ECF No. 242-4), which was mailed to Plaintiff.

As to the last point in the motion—that the defendants did not move to change the deposition date, Court approval was unnecessary. Discovery was extended to May 27, 2022, to complete the deposition. The May 13, 2022, deposition was within that time, and thus permissible. Parties do not need Court approval to change the date of a deposition so long as the deposition falls within the discovery period.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling

remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 25, 2022                    s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 25, 2022, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850