UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GENESEE COUNTY et al.,<br>　　　　　　　　Defendants. | Case No. 20-cv-13361<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING GENESEE COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NOS. 252, 255)**

Dorian Sykes, a *pro se* prisoner, filed this civil rights action against defendants in December 2020. ECF No. 1. This matter was referred for all pretrial matters to the assigned magistrate judge. ECF No. 28. On July 11, 2022, the magistrate judge issued a report and recommendation (R&R) finding that the Prison Rape Elimination Act (PREA), 34 U.S.C. § 30301 *et seq.*, provides no private right of action and recommending that the Court grant Genesee County's motion for partial summary judgment (ECF No. 173) as to any claim Sykes asserts under PREA. ECF No. 252. At the conclusion of the R&R, the magistrate judge notified the parties that they

Page **1** of **4**

must file any objections to the R&R within fourteen days. *Id.* Sykes timely filed objections to the R&R. ECF No. 255.

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Sykes objects to the R&R because it misconstrues and minimizes his claims for inadequate training and supervision of the County's contractors as solely PREA claims. ECF No. 255, PageID.2709-2710. Sykes argues that he brought his failure to train and supervise claims against the County under Section 1983 and the Eighth Amendment, not PREA. *Id.* at

PageID.2712. The R&R acknowledges that Sykes contends he has not asserted a claim under the PREA, but recommends that, "in an abundance of caution and to the extent that such a claim exists in the operative complaint, . . . any claim for violation of PREA be dismissed because there is no private right of action." ECF No. 252, PageID.2694-95. The R&R explicitly recommends dismissing any PREA violation claim, to the extent one exists in the operative complaint; it has no impact on any other claim. Sykes' objection is thus overruled.

Sykes also objects to the R&R's conclusion that PREA does not provide prisoners with a private cause of action. He argues that the magistrate judge ignored PREA's stated purpose to "protect the Eighth Amendment rights of federal, state, and local prisoners." ECF No. 255, PageID.2711 (citing 34 U.S.C. § 30301(7)).

The Court's review of 34 U.S.C. § 30301 finds no such articulated purpose in the cited provision. "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit . . . ." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). And, as noted by the magistrate judge, courts addressing "this issue have determined that the PREA provides no private action to

individual prisoners." *Peterson v. Burris*, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) (collecting cases). The Court has made a *de novo* determination of those portions of the R&R to which plaintiff objects and reaches the same conclusion as the magistrate judge.

The Court therefore **ADOPTS** the magistrate judge's R&R to grant the County's motion for partial summary judgment. ECF No. 252.

Accordingly,

**IT IS ORDERED** that the County's motion for partial summary judgment (ECF No. 173) is **GRANTED**. Nothing in this order curtails Sykes' claims made outside of PREA.

Dated: September 28, 2022

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge