UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN TREVOR SYKES,<br>    Plaintiff,<br>v.<br><br>GENESEE COUNTY, CORIZON<br>HEALTH CORPORATION, and<br>TAQUANA SCALES,<br>    Defendants.<br>_____/ | Case No.: 20-13361<br><br>Shalina D. Kumar<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER ON MOTIONS (ECF Nos. 259, 263, 266, 267, 273, 274)

Before the Court are motions filed by Plaintiff and defendant Corizon.

A.    Corizon's Motion to Strike Sur-Reply (ECF No. 259)

On August 8, 2022, without leave of the Court, Plaintiff filed a sur-reply to Corizon's motion for summary judgment. (ECF No. 258). Corizon moved to strike that sur-reply. (ECF No. 259). Plaintiff did not respond to the motion.

Pursuant to E.D. Mich. LR 7.1(c)(3), a party must obtain leave of court to file more than one response to a motion for summary judgment. Plaintiff did not obtain the necessary leave of the undersigned. Because Plaintiff did not seek leave to file the sur-reply, Corizon's motion is **GRANTED**. The sur-reply at ECF No. 258 will be **STRICKEN**.

B.    Plaintiff's Motion for Evidentiary Hearing (ECF No. 263)

Plaintiff moves for an evidentiary hearing on whether former defendant Taquana Scales sexually assaulted Plaintiff at the Genesee County jail. ECF No. 263). This motion is **DENIED AS MOOT**. The undersigned separately filed a report and recommendation on the pending dispositive motions. The recommendations did not address the issue of whether Scales in fact assaulted Plaintiff. The recommendations do, however, recommend that the defendants' dispositive motions be granted and the case be dismissed.

C.  Plaintiff's Motion for Sanctions (ECF No. 266)

Plaintiff moves the Court for Fed. R. Civ. P. 11(b) and (c) sanctions against Genesee County's attorney, Michael Edmunds, for allegedly submitting an affidavit in bad faith. This affidavit was filed in response to Plaintiff's motion for partial summary judgment. It was executed by Scales, who asserts that she did not sexually abuse Plaintiff at the Genesee County Jail. (ECF No. 257-1). Plaintiff contends that the affidavit was submitted in bad faith because Mr. Edmunds knew that Scales had admitted before to assaulting Plaintiff before she executed the affidavit.[1] (ECF No. 266, PageID.2831).

Under Rule 11 of the Federal Rules of Civil Procedure, the court has discretion to award sanctions (1) when a party presents pleadings, motions or

---

[1] For more factual background, see the report and recommendation separately filed addressing the parties' motions for summary judgment.

papers to the court for an improper purpose, (2) if the claims, defenses or other legal contentions therein are not warranted by existing law or a nonfrivolous extension of the law, or (3) if the allegations and other factual contentions therein do not have evidentiary support. If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(b)-(c). "Rule 11 sanctions may be awarded only if [the party's] conduct in the litigation was objectively unreasonable . . . or if [the party] did not have a reasonable basis for making her claim." *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir. 2014) (citations omitted).

In response, the County's counsel argues there was no bad faith. He watched the video recorded interview between Scales and Lt. Kennamer from the Genesee County Sheriff's Department. Counsel contends that the video accurately reflects Scales' assertion that she was coerced into admitting to assaulting Plaintiff at the jail.

While Plaintiff has a different version of events, Genesee County's counsel's conduct was not objectively unreasonable. He stated a reasonable basis for including Scales' affidavit with the response brief. And, as indicated above, the issue of whether Scales in fact assaulted Plaintiff need not be determined by the

Court, and was not addressed in the report and recommendation. The motion for sanctions is **DENIED**.

D.     Plaintiff's Motion for Clarification (ECF No. 267)

In this document Plaintiff seeks to clarify that he did not raise a separate Prison Rape Elimination Act ("PREA") claim and that inmates cannot legally consent to sexual contact with a corrections officer. (ECF No. 267). The motion is **DENIED**. The Court has already dismissed, to the extent necessary, any PREA claims. (*See* ECF Nos. 252, 271). The argument related to consent is not appropriately raised here. Plaintiff made his argument in the briefing on the motions for summary judgment.

E.     Plaintiff's Motion of Inquiry (ECF No. 273)

Plaintiff asks the Court whether his claims will go to trial and if there is a trial date. The motion, to the extent that it seeks information, is **GRANTED**. Now his claims are pending before the District Judge in a report and recommendation filed by the undersigned addressing his and the defendants' motions for summary judgment. Currently, there is no trial date.

F.     Plaintiff's Motion to Expedite (ECF No. 274)

In this motion, Plaintiff asks the Court to make a ruling on his "Judicial Notice of Adjudicative Facts" filed on April 28, 2022. (ECF No. 229). Corizon filed an objection to the notice. (ECF No. 234). His April 2022 filing contains a

list of facts he wishes the Court to take judicial notice of. For example, that he was transferred to the Genesee County Jail and that Scales was charged with criminal sexual conduct. (ECF No. 229). He cites exhibits to support judicial notice. The motion to expedite is **DENIED**. The Court will not make a ruling until the pending report and recommendation is addressed by the District Judge. If that report and recommendation is adopted, the case will be dismissed. The facts are also supported by evidence such as responses to interrogatories. Courts do not take judicial notice of facts unless the facts are established by "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. As the Advisory Committee notes to Rule 201 states, "[a] 'high degree of indisputability' is an essential prerequisite for a court to take judicial notice of a particular fact." *See Holland v. United States,* 2008 WL 2769367, at *3 (W.D. Tenn. July 11, 2008). As can be discerned in Corizon's objections, the evidence that Plaintiff relies on does not have a high degree of indisputability.

    **IT IS SO ORDERED**.

    The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order

to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 29, 2022            s/Curtis Ivy, Jr.
                                   Curtis Ivy, Jr.
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 29, 2022, by electronic means and/or ordinary mail.

                                   s/Kristen MacKay
                                   Case Manager
                                   (810) 341-7850