UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN TREVOR SYKES,

    Plaintiff,

v.

COUNTY OF GENESEE et al,

    Defendants.

Case No. 20-13361
District Judge Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 278) AND ADOPTING REPORT AND RECOMMENDATION (ECF NO. 275) AS TO DEFENDANT GENESEE COUNTY; HOLDING IN ABEYANCE PLAINTIFF'S OBJECTIONS AND THE REPORT AND RECOMMENDATION AS TO DEFENDANT CORIZON HEALTH CORPORATION; GRANTING DEFENDANT GENESEE COUNTY'S MOTION TO FOR SUMMARY JUDGMENT (ECF NO. 243); HOLDING IN ABEYANCE DEFENDANT CORIZON'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 242); DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 246) AS TO DEFENDANT GENESEE COUNTY AND HOLDING IT IN ABEYANCE AS TO DEFENDANT CORIZON; DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT GENESEE COUNTY; & ADMINISTRATIVELY CLOSING THIS CASE**

I.    **Introduction**

Dorian Sykes, a *pro se* prisoner, filed this civil rights action against defendants Genesee County and Corizon Health Corporation alleging the policies and customs of the County and Corizon made it possible for

Corizon employee and former defendant Taquana Scales[1] to repeatedly sexually assault him between June and August of 2020. ECF No. 1. This matter was referred for all pretrial matters to the assigned magistrate judge. ECF No. 28. The magistrate judge issued a report and recommendation (R&R) recommending that defendants' motions for summary judgment (ECF Nos. 242, 243) be granted, and plaintiff's motion for partial summary judgment be denied (ECF No. 246). ECF No. 275. At the conclusion of the R&R, the magistrate judge notified the parties that they must file any objections to the R&R within fourteen days. *Id.* Sykes timely filed objections to the R&R and Corizon filed a response to Sykes' objections. ECF Nos. 278, 281.

##   II.   Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."

---

[1] The parties stipulated to the dismissal of defendant Scales from this action in July 2022. ECF No. 250.

*Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

### III.   Corizon's Bankruptcy

Before addressing Sykes' objections, the Court notes that Corizon filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (Case No. 23-90086 (CML)). *See* ECF No. 282. Corizon's bankruptcy filing operates as an automatic stay as to the claims against it.

*Id.*; 11 U.S.C. § 362(a). The continuation of a judicial action or proceeding against Corizon is halted until the automatic stay is lifted. 11 U.S.C. § 362(a). Indeed, the automatic stay precludes even a dismissal or judgment in favor of a debtor-defendant. *See Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 373 (10th Cir. 1990) ("The operation of the stay should not depend upon whether the district court finds *for* or *against* the debtor."); *Pope v. Manville Forest Prods. Corp.*, 778 F.2d 238, 239 (5th Cir. 1985); *Hayes v. Liberty Mut. Grp. Inc.*, 2012 WL 1564697, at *5 (E.D. Mich. May 2, 2012). The entry of an order of dismissal may be construed as a continuation of a judicial proceeding and would effectively block the dismissed party's right to appeal. *Pope*, 778 F.2d at 239.

The operation of the automatic stay precludes the Court from taking any action relative to Corizon. Accordingly, it cannot consider the R&R, or Sykes' objections to it, relating to Corizon's motion for summary judgment (ECF No. 242) or Sykes' motion for partial summary judgment against Corizon (ECF No. 246). It will hold these submissions in abeyance until the automatic stay relating to Corizon is lifted.

**IV.   Sykes' Objections**

Sykes brings this action as a result of alleged sexual assaults by Scales, a Licensed Practical Nurse employed by Corizon. Sykes alleges that the policies and customs of the County and Corizon made it possible for Scales to sexually assault him repeatedly between June and August of 2020.  At the time of the alleged assaults, Plaintiff was a federal prison detainee at the Genesee County Jail after being transferred there to receive mental health treatment. ECF No. 35, PageID.183.

Sykes raises six objections to the R&R. ECF No. 278. The Court notes that Objections 2 and 3 relate only to Corizon and thus it will not address them. *See id*. The Court will address Objection 1 only to the extent it relates to the County.

**A. Objection 1**

Sykes argues that his affidavit regarding the letter he sent to the most senior County official[2] detailing the abuse he suffered raised a genuine issue of material fact as to whether he reported the abuse, and whether his reports were ignored. *Id*. Even if Sykes' affidavit raised a genuine factual

---

[2] Sykes addressed this letter to the Genesee County "Chief Executive Officer," a position that does not exist. ECF No. 35, PageID.208.

dispute over whether he reported the abuse in a letter to a County official, this issue is not material to the claims Sykes asserts against the County.

Sykes' claims against the County—that its policies and customs made it possible for Scales to sexually assault him repeatedly between June and August of 2020—are predicated on an inaction theory and a failure to adequately train or supervise County officials in preventing and reporting sexual assaults.

To support a theory of liability flowing from a municipality's custom of inaction, a plaintiff must show (1) a clear and persistent pattern of unconstitutional conduct by municipal employees, (2) the municipality's notice or constructive notice of the unconstitutional conduct, (3) the municipality's tacit approval of the unconstitutional conduct, such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction, and (4) that the policy of inaction was the "moving force" of the constitutional deprivation. *D'Ambrosio v. Marino*, 747 F.3d 378, 387-88 (6th Cir. 2014).

According to the R&R, the record shows one instance of sexual assault or harassment of an inmate by a correctional official in the jail in the last ten years aside from the complaint Sykes made against a County

Page **6** of **13**

deputy just before the events giving rise to this action. ECF No. 275, PageID.2902-03, 2911-12. A clear and persistent pattern of illegal activity requires multiple earlier comparable violations. *Pineda v. Hamilton Cty.*, 977 F.3d 483, 495 (6th Cir. 2020). One instance of misconduct is not evidence of a clear and persistent pattern*. Stewart v. City of Memphis*, 788 F. App'x 341, 347 (6th Cir. 2019); *see also Connick v. Thompson*, 563 U.S. 51, 62-63 (2011) (Contemporaneous conduct cannot establish "a pattern of violations to provide the notice and opportunity for a municipality "to conform to constitutional dictates.") (internal quotation omitted).

Without evidence of clear and persistent constitutional violations (inaction in the face of sexual abuse or harassment by jail personnel), Sykes' inaction claim against the County fails regardless of notice to the County over this specific claim. Accordingly, any dispute over whether such notice was given is inconsequential.

Whether Sykes sent notice to the County is likewise irrelevant to its failure to adequately train or supervise claim. "To succeed on a failure to train or supervise claim, the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and

(3) the inadequacy was closely related to or actually caused the injury." *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 286-287 (6th Cir. 2020) (quoting *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006)).

As the court explained in *Ouza*, there are "at least two situations in which inadequate training could be found to be the result of deliberate indifference." *Id*. at 287 (quoting *Cherrington v. Skeeter*, 344 F.3d 631, 646 (6th Cir. 2003)). First, a plaintiff can demonstrate deliberate indifference by showing that the municipality has failed to act "in response to repeated complaints of constitutional violations by its officers." *Id*. (citation omitted). Under this approach, a plaintiff must show that the defendant was aware of "prior instances of unconstitutional conduct" such that it "was clearly on notice that the training in this particular area was deficient and likely to cause injury" and yet "ignored a history of abuse." *Id*. (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005)).

Sykes relies on the second approach under which, in a "narrow range of circumstances," a plaintiff can show that a municipality was deliberately indifferent based upon a single incident. *Connick*, 563 U.S. at 63. Single-event liability arises only where the rights violation "was a highly

predictable, or plainly obvious, consequence of the [municipality's] failure to train." *Morningstar v. Worthy*, 454 F. App'x 391, 406 (6th Cir. 2011). Only

> where it should be "plainly obvious" that a certain situation will call for some specific training in order to avoid constitutional violations, and it is similarly "plainly obvious" that the situation is likely to arise for…given officer[s], will the failure to provide the specific training to the officer[s] give rise to an inference of deliberate indifference on the municipality's part, even in the absence of a pattern of violations.

*Anderson v. Jones*, 440 F. Supp. 3d 819, 838–39 (S.D. Ohio 2020) (quoting *Morningstar*, 454 F. App'x at 406)). A single-event claim requires "a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Plinton v. Summit Cty.*, 540 F.3d 459, 464 (6th Cir. 2008) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). "In sum, if all the plaintiff has identified is a single instance of allegedly violative conduct—the one that affected him—he faces a high, nearly insurmountable, threshold in arguing that the single instance suffices to support a failure-to-train claim." *Anderson*, 440 F. Supp. 3d at 839.

The R&R concluded, and this Court agrees, that Sykes cannot clear this high hurdle. The record does not reveal a single other medical service provider engaged in sexual abuse or harassment of an inmate at the jail.

ECF No. 275, PageID.2902-03. Thus, an inmate being sexually abused by a medical service provider while being examined outside the presence of a correctional officer cannot be deemed an obvious risk to a recurrent situation under these facts. Because Sykes' failure to train claim fails under the deliberate indifference prong, a dispute over whether Sykes reported his abuse to a senior County official is not material. Sykes' first objection is overruled.

### B. Objection 4

Sykes' next objection relating to his claims against the County contests the magistrate judge's assertion that Sykes did not deny that his June 2020 allegation of harassment against a County deputy was investigated. His objection reiterates that his report against the deputy was completely ignored, and that the deputy was not reprimanded nor removed from directly supervising Sykes. ECF No. 278, PageID.2931.

This objection too is immaterial. As the R&R sets forth, a custom of tolerance or inaction theory claim for municipal liability "cannot hinge on a single incident involving the [p]laintiff." ECF No. 275, PageID.2916. The jail recorded only one other allegation of sexual abuse by a corrections officer, ending in the officer's termination, in the ten years prior to Sykes' incident.

*Id*. at PageID.2902-03, 2916. As discussed above, even if the County ignored Sykes' June 2020 complaint against a County deputy, that single incident cannot create a clear and persistent pattern necessary for a viable inaction claim. *See Pineda*, 977 F.3d at 495; *see also Connick*, 563 U.S. at 63, n.7 (contemporaneous conduct cannot establish "a pattern of violations"). Accordingly, a factual dispute over whether the County did or did not investigate Sykes' report is irrelevant to the survival of his claims. Objection 4 is overruled.

### C. Objection 5

Sykes objects to the magistrate judge's recommendation to deny his motion for partial summary judgment on the County's failure to train deputies to report sexual abuse complaints. ECF No. 278, PageID.2932; ECF No. 275, PageID.2917. Sykes' motion for summary judgment on this claim must be denied based on his failure to establish that he reported his abuse complaints. At most, a genuine issue of fact exists on whether Sykes reported Scales' abuse.

The R&R indicates not just that Sykes' motion for partial summary judgment be denied, but also that his failure to train claim should be dismissed on this basis. The Court agrees with Sykes that recommending

Page **11** of **13**

dismissal on this basis is error, but it finds the error harmless because Sykes' failure to train claim fails on the deliberate indifference prong, as discussed more fully above in IV.A. Objection 5 is sustained in part and overruled in part.

### D. Objection 6

Sykes' final objection addresses the magistrate judge's confusion over which type of deliberate indifference showing Sykes intended to present, i.e., pattern of violations versus single violation, arguing that he clearly advances a single violation theory of deliberate indifference. ECF No. 278, PageID.2933. The Court finds that this objection is inconsequential. The R&R discusses and finds Sykes' claim wanting under either type of deliberate indifference showing. ECF No. 275, PageID.2911-13. As discussed above in IV.A., the Court agrees with the magistrate judge's conclusion that Sykes' claim fails under the single violation theory of deliberate indifference. Objection 6 is overruled.

The Court **OVERRULES** Sykes' objections relating to the County, Numbers 1, 4, 5, and 6. ECF No. 278. The Court **ADOPTS** the portion of the magistrate judge's R&R recommending the dismissal of Sykes' claims against the County. ECF No. 275. The Court **HOLDS IN ABEYANCE**

Sykes' objections (Numbers 2 and 3) and the portion of the R&R recommending the dismissal of the claims against Corizon. ECF Nos. 278, 275.

Accordingly,

**IT IS ORDERED** that the County's motion for summary judgment (ECF No. 243) is **GRANTED** and Sykes' motion for partial summary judgment (ECF No. 246) is **DENIED** with respect to the County. Sykes' claims against the County are **DISMISSED**. The Court **HOLDS IN ABEYANCE** Corizon's motion for summary judgment (ECF No. 242) and Sykes' motion for partial summary judgment (ECF No. 246) as it applies to Corizon. This case is administratively closed until the automatic stay applying to Corizon is lifted.

**IT IS SO ODERED.**

Dated: March 28, 2023

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge